IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEPHANIE CAMPBELL,<br>an individual,<br><br>      Plaintiff,<br><br> v.<br><br>VOX MEDIA, INC.,<br>a Delaware corporation,<br>and<br>BUZZFEED, INC.,<br>a Delaware corporation,<br><br>      Defendants. | Case No. 4:23-cv-00577 |

# COMPLAINT

Stephanie Campbell states and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et. seq.*, and supplemental state law for an accounting.

2. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

3. Upon information and belief, this Court has personal jurisdiction over defendants because of their substantial and continuous business contacts with Missouri through their marketing and advertising to Missouri residents.

4. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a) because all of defendants conduct business within the judicial district and acts giving rise to this Complaint are believed to have occurred within this judicial district.

## PARTIES

5. Ms. Campbell is a professional photographer based in Lake Winnebago, Missouri. She resides and is domiciled in Lake Winnebago, Missouri as well.

6. Upon information and belief, defendant BuzzFeed, Inc. owns the HuffPost (which is also known as HuffPo and The Huffington Post), which is a Delaware company located in New York. BuzzFeed is a large media business with an international reach and receives revenue from advertisers placing advertisements in its publications – including in the HuffPost.

7. Upon information and belief, defendant Vox Media, LLC ("Vox Media") is a Delaware company located in Washington, D.C. and New York; it is a large media publication business, which has an international reach and receives revenue from advertisers placing advertisements in their publications.

## FACTUAL ALLEGATIONS

**Stephanie Campbell**

8. Ms. Campbell is a professional photographer.

9. Ms. Campbell played football in Kansas City for various teams, including teams in the Women's Football Association ("WFA"), a professional tackle football league.

10. During her time in the WFA, Ms. Campbell became familiar with Katie Sowers, an individual who recently gained national notoriety for becoming the NFL's first openly gay, and second full-time woman coach.

11. This unique combination of being a professional photographer, who is also a colleague of Katie Sowers, gave Ms. Campbell unparalleled access to photograph Ms. Sowers at the moment she learned about her groundbreaking hire.

12. Consequently, Ms. Campbell was able to capture high quality, close-up photographs of Ms. Sowers' reaction to the news and subsequent action shots of Ms. Sowers coaching.

13. Among the numerous photographs taken by Ms. Campbell is the following photograph ("Sowers Photograph"):



14. Ms. Campbell owns the exclusive rights to the Sowers Photograph. It is registered with the United States Copyright Office, Reg. No. VA 2-073-437.

**Huffington Post**

15. Defendant BuzzFeed made the Sowers Photograph available on its website without authorization from Ms. Campbell.

16. The Sowers Photograph was available at the following URL: https://img.huffingtonpost.com/asset/599c53991f00003d001aa5a2.png?ops=336_189%2Cquality_75.



17. After contacting the attorney for BuzzFeed, the image is no longer available at that URL.

18. Upon information and belief, BuzzFeed used the Sowers Photograph in connection with a story it ran on Ms. Sowers: https://www.huffpost.com/entry/san-francisco-coach-lgbtq-katie_n_599c52b2e4b06a788a2c0338?ri18n=true&guccounter=1.

19. Although the Sowers Photograph is not currently displayed with the article, it appears that it did so at one time:



20. Upon information and belief, the Sowers Photograph also appeared in an article on or about December 18, 2017:



21. Upon information and belief, BuzzFeed did not credit Ms. Campbell as the photographer of the Sowers Photograph.

22. An attorney for BuzzFeed states that it believed that it had the right to use the Sowers Photograph based upon a license agreement with Vox Media.

**Vox Media**

23. Defendant Vox Media proclaims itself to comprise a portfolio of "the most relevant and respected editorial properties across the biggest consumer categories, including: *Vox, New York Magazine, The Verge, The Cut, Eater, Vulture, The Strategist, Polygon, SB Nation, Intelligencer, Curbed, Grub Street, Thrillist, Popsugar, The Dodo, NowThis, and Seeker*."

24. It claims to reach 130 million people each month with 350 million social media followers and six billion video view.

25. Ms. Campbell agreed to allow Outsports.com to use the Sowers Photograph and one other of Ms. Sowers one-time only for an article that appeared on August 22, 2017.

26. The article appears at the following URL: https://www.outsports.com/2017/8/22/16175286/katie-sowers-san-francisco-49ers-coach-gay-coming-out.

27. The Sowers Photograph appears at the beginning of the article:



28. A second photograph owned by Ms. Campbell appears later in the article:



Sowers works with 49ers receiver Louis Murphy prior to an Aug. 11 preseason game at Kansas City against the Chiefs. | Stephanie Campbell / Epic Photography

29. Although Vox Media may own Outsports, the license to use the two photographs was for Outsports to use the photograph one time – which Outsports did on August 22, 2017.

30. Upon information and belief, other properties other than Outsports controlled by Vox Media have also used the Sowers Photograph.

31. For example, the Sowers Photograph appears on the SB Nation website:







32. The Sowers Photograph is still accessible on the SB Nation website:

https://cdn.vox-cdn.com/uploads/chorus_image/image/56304947/sowers1.0.jpg



33. Ms. Campbell has not licensed the Sowers Photograph or any of her other photographs to Vox Media.

34. Upon information and belief, Vox Media has entered into license agreements with third-parties purporting to license the use of its media, which included the Sowers Photograph. In one example, BuzzFeed claims that the following license from Vox Media allowed it to use the Sowers Photograph:



## LICENSE AGREEMENT

This Huffington Post License Agreement (the "Agreement") is entered into as of the Effective Date, by and between AOL Inc., a Delaware corporation, with its principal office at 770 Broadway, 4TH Floor, New York, NY 10003 ("AOL") and Company (as specified below), (each a "Party" and collectively, the "Parties"). The Parties agree to the following terms and conditions:

| Company: | Vox Media, Inc. |
|---|---|
| Company Address: | 1201 Connecticut Avenue, NW, 11th Floor, Washington, DC 20036 |
| Company Phone: | (202) 591-1140 |
| Company Fax: | (703) 991-4516 |
| Company Contact: | Lauren Fisher (Chief Legal Officer) |
| Effective Date: | June 2, 2016 |

35. The agreement purported to allow for the use of non-video content, which includes photos:

Content licensed to AOL (check all that apply):

X Non-Video content (i.e., text and other non-video content (e.g., articles, photos, infographics, etc.)) in the form of Company selected and provided articles and/or related materials that have originally appeared on www.outsports.com ("Non-Video").

36. These terms of the agreement were further memorialized in Exhibit A to the agreement:

**GENERAL TERMS APPLICABLE FOR BOTH NON-VIDEO AND VIDEO CONTENT**

1. **Definitions:** The following definitions shall apply to this Agreement:

Advertisements. Advertisements, promotions, or overlay advertisements, links, pointers and similar services or rights.

AOL Affiliate. Any distributor or franchisee of AOL, or an entity that, directly or indirectly, controls, is controlled by, or is under common control with AOL, including any entity in which AOL holds at least a fifty percent (50%) equity interest.

AOL Network. Intentionally Omitted.

AOL Property(ies). Intentionally Omitted.

Non-Video Content. The Licensed Content identified as Non-Video Content in Exhibit A.

37. On or around August 22, 2017, OutSports (a property owned by Vox Media) asked HuffPost to direct link out to the article, which HuffPost/Vox Media did.

## COUNT I

38. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

39. Ms. Campbell discovered in 2022 that defendants had used the Sowers Photograph without permission from Ms. Campbell by copying, distributing, reproducing, or displaying publicly the photograph.

40. Ms. Campbell is the exclusive owner of a valid and registered copyright in the Sowers Photograph.

41. Defendant BuzzFeed has copied, reproduced, distributed, displayed, and otherwise used the Sowers Photograph even though it did not have permission to use the Sowers Photograph. Although Vox Media purported to license such use, Vox Media had no rights to license others – including BuzzFeed - to use the Sowers Photograph.

42. The use by BuzzFeed infringed Ms. Campbell's exclusive rights in the Sowers Photograph.

43. Defendant BuzzFeed's website includes commercial advertising targeting members or subscribers of HuffPost publication, including those in Missouri.

44. Ms. Campbell has incurred actual damages.

## COUNT II

45. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

46. Ms. Campbell is the exclusive owner of a valid and registered copyright in the Sowers Photograph.

-12-

Case 4:23-cv-00577-BCW   Document 1   Filed 08/15/23   Page 12 of 14

47. Defendant Vox Media has copied, reproduced, distributed, displayed, and otherwise used the Sowers Photograph even though it did not have permission to use the Sowers Photograph.

48. The use by Vox Media infringed Ms. Campbell's exclusive rights in the Sowers Photograph

49. Defendant Vox Media website and those of its other properties includes commercial advertising targeting readers, including those in Missouri.

50. Ms. Campbell has incurred actual damages.

WHEREFORE, Ms. Campbell prays for a judgment and decree of this Court as follows:

1. For injunctive relief prohibiting the defendants from further copying, marketing, or distribution of the copyrighted Sowers Photograph or any other infringing conduct; for injunctive relief requiring the defendants to remove any infringing works;

2. For statutory damages, actual damages, or both;

3. For reasonable costs and attorney's fees;

4. For prejudgment interest; and

5. For such other and further relief that this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Missouri as the place of trial.

By: */s/ David L. Rein Jr.*
David L. Rein Jr., #43411
James Kernell, #48850
Kyle D. Donnelly, #65882
AVEK IP, LLC
7285 West 132nd Street, Suite 340
Overland Park, Kansas 66213
Telephone: 913-549-4700
Facsimile: 913-549-4646
Email: drein@avekip.com
jkernell@avekip.com
kdonnelly@avekip.com

*Attorneys for Plaintiff Stephanie Campbell*